UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-4436(DSD/SER)

Troy K. Scheffler,

       Plaintiff,

v.                                                                **ORDER**

Gurstel Chargo, P.A.

       Defendant.

    Peter J. Nickitas, Esq., 431 South 7th Street, Suite 2446, Minneapolis, MN 55415, counsel for plaintiff.

    Manuel H. Newburger, Esq. and Barron & Newburger, PC, 1212 Guadalupe, Suite 104, Austin, TX 78701 and Amy M. Goltz, Esq. and Gurstel Chargo, P.A., 6681 Country Club Drive, Golden Valley, MN 55427, counsel for defendant.

This matter is before the court upon the motion for summary judgment by defendant Gurstel Chargo P.A. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This debt-collection dispute arises out of plaintiff Troy Scheffler's acknowledged credit card debt in the amount of $9,896.90 owed to Discover Bank. Second Am. Compl. ¶¶ 5-7; Scheffler Decl. Ex. B. Scheffler is a former debt collector who has filed many lawsuits in this district alleging violations of the Fair Debt Collection Practice Act (FDCPA). Gurstel is a law firm

engaged in debt collection.

On July 31, 2009, Gurstel secured a judgment against Scheffler on Discover's behalf. Second Am. Compl. ¶ 6; Answer ¶ 6.[1] In July 2014, Gurstel sent a garnishment summons to Financial One Credit Union. Second Am. Compl. ¶ 9; Answer ¶ 9. Gurstel sent a copy of the garnishment summons to Scheffler. Second Am. Compl. ¶ 9; Answer ¶ 9. In early August 2014, Scheffler mailed Gurstel a cease letter, and Gurstel acknowledged receipt of the letter. Second Am. Compl. ¶ 17; Answer ¶ 17.

In early August 2015, Gurstel sent Financial One Credit Union a garnishment notice. Second Am. Compl. ¶ 19. On August 11, Gurstel sent copies of the garnishment notice to Scheffler with a cover letter stating the following:

> These documents were served upon Financial One Credit Union on or about August 6, 2015. If you have any questions, please contact **one of our collections representatives at 800-514-0791**.

Scheffler Decl. Ex. D, at 2 (emphasis in original). The letter concludes with the following admonition:

> This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Id. On September 21, 2015, Scheffler called the number on the

---

[1] Neither party provided complete documentation regarding the underlying debt, judgment, or the parties' communications. The court will accept the undisputed facts as true for purposes of this motion. Allegations which are disputed and unsupported will not be discussed.

2

letter and spoke to John Thomas, a Gurstel employee. Scheffler Decl. Ex. G; Goltz Decl. Ex. 13. Scheffler claims that he called only to ask questions about the garnishment notice but that Thomas "insisted on attempting to collect the debt." Second Am. Compl. ¶ 28. The call, which the court has listened to several times, tells a different story. See Scheffler Decl. Ex. E; Goltz Decl. Ex. 13. In the call, Scheffler did not ask any questions about the garnishment notice beyond asking why Gurstel sent it to him:

> Salter:[2]  Are you calling in regards to the, the garnishment disclosure you received?
>
> Scheffler:  Well yeah I mean I got that.  I mean you guys have on here call if I have any questions.  So, I [unintelligble]. (Salter interrupts)
>
> Salter:  Alright, so what's the what's the question you have?
>
> Scheffler:  Well, I guess why are you guys sending this stuff to, to I don't know, I don't even know why you guys are bothering really to be honest with you.

Scheffler Decl. Ex. G, at 1-2.  Thereafter, Scheffler baited Salter into discussing possible resolution of the debt:

> Salter:  What's your confusion?  You have twelve thousand none hundred and twenty dollar debt that they're trying to recover.
>
> Scheffler:  Ok, so what am I going to do about that?
>
> Salter:  Are you able to pay it?

---

[2] The transcript provided by Scheffler indicated that the Gurstel employee is named John Thomas.  The call indicates that his full name is John Thomas Salter and the court will refer to him as such.

3

>Scheffler: No.
>
>Salter: Ok. Uhh, are you in a position to where you wanna try to resolve it?
>
>Scheffler: Well I mean possibly at some point, I mean what are you saying, what are you offering?

Id. at 2. Scheffler then complained that Gurstel was improperly trying to collect on the debt, to which Salter responded, "You called me right?" Id. at 5. When it became clear that the conversation would not be productive, Salter said "I mean I don't wanna go round and round with you. If your intent is to not resolve it that's fine; or if you don't have the ability to do so that's fine." Id. The call concluded soon thereafter. Id. at 6.

On November 20, 2015, Scheffler commenced this putative class action in Hennepin County District Court, alleging that Gurstel's letter and his conversation with Salter violated the FDCPA. Gurstel timely removed to this court. On March 1, 2017, Scheffler filed a second amended complaint alleging violations of 15 U.S.C. §§ 1692c(c) & 1692e(10). Gurstel now moves for summary judgment.

## DISCUSSION

### I. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

4

A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. Id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists — or cannot exist — about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**II. FDCPA**

Congress enacted the FDCPA to protect consumers "in response to abusive, deceptive, and unfair debt collection practices." Schmitt v. FMA Alliance, Ltd., 398 F.3d 995, 997 (8th Cir. 2005). "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which ... protects the uninformed or naive consumer, yet also contains an objective element of

5

reasonableness to protect debt collectors from liability for peculiar interpretations of collection [attempts]." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317–18 (8th Cir. 2004) (citations and internal quotation marks omitted). "The unsophisticated consumer test is a practical one, and statements that are merely susceptible of an ingenious misreading do not violate the FDCPA." Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1056 (8th Cir. 2002) (citations and internal quotation marks omitted).

### A. 15 U.S.C. § 1692c(c)

The FDCPA prohibits creditors from communicating with consumers "with respect to the debt" if the consumer "notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer[.]" 15 U.S.C. § 1692c(c). Scheffler argues that Gurstel violated § 1692c(c) by sending the garnishment notice to him with a cover letter inviting him to call Gurstel with any questions.[3] The court disagrees.

As Scheffler well knows given his past involvement in similar litigation, Gurstel did not violate the FDCPA by sending the

---

[3] In his memorandum of law, Scheffler also references "superfluous correspondence" that gave him "a directive to contact one of Gurstel's collection representatives." ECF No. 73, at 11. It is unclear whether he is referencing letters in addition to the August 11, 2015, letter. Because the court has not been provided with additional correspondence, it will consider only the August 11 letter.

garnishment notice:

> A creditor may communicate with a debtor after receiving a cease letter to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor. That is exactly what the garnishment letter was — a notification that Capital One would be attempting to collect the debt Scheffler owed.

Scheffler v. Messerli & Kramer P.A., 791 F.3d 847, 848 (8th Cir. 2015) (internal quotation and citation omitted); 15 U.S.C. § 1692c(c); see Scheffler Decl. Ex. G, at 5 ("Scheffler: Well I don't mind the notification of a bank garnishment. That's, that's per law. You have to do that ...."). Nor did Gurstel violate the FDCPA by inviting Scheffler to call the number provided if he had any questions. See Lindley v. TRS Recovery Assocs., Inc., No. 12-109, 2012 WL 6201175, at *5 (S.D. Tex. Dec. 12, 2012) ("[T]he letter's invitation for Lindley to call if he needed any assistance did not transform this informative letter into an effort to collect the debt."). The court is unpersuaded by Scheffler's argument - made during the hearing on this matter - that Gurstel "subliminally commanded" him to call the number provided by putting it in bold type.

Scheffler's telephone conversation with Salter, which Scheffler initiated, is likewise insufficient to constitute an FDCPA violation. Salter handled the call appropriately and only asked Scheffler about resolving the debt after Scheffler said "Ok, so what am I going to do about that [referring to the debt]?"

7

Scheffler Decl. Ex. G, at 2. When reviewed as a whole, the call was an unsubtle and ultimately unsuccessful attempt to provoke Salter into committing an FDCPA violation. At no time did Gurstel, either in writing or in the telephone call, demand payment on the debt or otherwise violate the FDCPA as alleged. Indeed, rather than pressuring Scheffler to pay the debt, Salter simply said, "If your intent is to not resolve it that's fine; or if you don't have the ability to do so that's fine." Id. at 5.

Even if construed as an effort to collect on the debt, Scheffler's conduct and words constituted a waiver of his cease letter. See Backlund v. Messerli & Kramer, P.A., 964 F. Supp. 2d 1010, 1015-16 (D. Minn. 2010) (quoting Clark v. Capital Credit Collections Servs., Inc., 460 F.3d 1162, 1168 (9th Cir. 2006)) (adopting the view that "a debtor may waive the rights created by a cease communications directive" if the waiver is "knowing and voluntary" and "the least sophisticated debtor would understand that he or she was waiving his or her rights under § 1692c(c)"). Scheffler initiated the phone call to Gurstel, responded vaguely when asked what questions he had about the garnishment notice, and steered the conversation to possible resolution of the debt. His waiver was thus knowing and voluntary, just as it would be were he an unsophisticated debtor.

**B. 15 U.S.C. § 1692e(10)**

Section 1692e(10) prohibits debt collectors from using "any

false or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer." Scheffler agues that Gurstel violated § 1692e(10) by falsely indicating that he could call the number on the letter to discuss the garnishment notice with a lawyer. Scheffler's argument is unavailing. The letter does not state that the number provided will be answered by an attorney prepared to answer questions solely about garnishment. Rather, the letter expressly notified Scheffler that he could contact a "collection representative" by calling the number. And he in fact spoke with a collection representative when he called. As a result, there is nothing deceptive about the information provided in the letter. It certainly was not deceiving to Scheffler, whose experience in debt collection and FDCPA litigation belies his grievance, but neither would it be deceiving to an unsophisticated consumer.

The fact that the letter also includes a so-called mini-Miranda warning[4] does nothing to change the court's conclusion. Although the warning may not have been necessary given the purely informative nature of the letter, it did not transform the letter into a debt-collection effort. See Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 399 (6th Cir. 1998) ("[T]he mere fact that the letter

---

[4] This is a warning in which debt collectors identify themselves as such and disclose that they are communicating with the consumer to collect a debt. Zortman v. J.C. Christensen & Assocs., Inc., 870 F. Supp. 2d 694, 700 (D. Minn. 2012).

9

states at the bottom that it 'is an attempt to collect a debt' does not transform the letter into an unlawful demand for payment."). Finally, as already discussed, the call itself was not a debt-collection effort in violation of the FDCPA. As a result, Gurstel is entitled to summary judgment.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for summary judgment [ECF No. 64] is granted; and

2. The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 19, 2017

s/David S. Doty
David S. Doty, Judge
United States District Court