UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Troy K. Scheffler,<br>    Plaintiff,<br><br>vs.<br><br>Gurstel Chargo, P.A.,<br>    Defendant. | CIVIL NO.: 15-CV-4436 (DSD-SER)<br><br>**MEMORADUM IN SUPPORT<br>OF DEFENDANT'S MOTION<br>FOR RULE 11 SANCTIONS** |

Defendant Gurstel Chargo, P.A., now known as Gurstel Law Firm, P.C., tenders this memorandum of law in support of its Motion for Rule 11 Sanctions against Plaintiff and his attorney.

## INTRODUCTION

1.    On April 19, 2017, the Court heard argument on, and granted, Defendant's Motion for Summary Judgment. The Court entered a final judgment dismissing this case on April 20, 2017. Plaintiff has no remaining claims.

2.    FED. R. CIV. P. 11 provides, in pertinent part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>     (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>     (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

>    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> * * *
> (c) Sanctions.
>    (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>    (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

3.   Defendant asserts that Plaintiff and his attorney have both violated Rule 11. Specifically, Defendant contends that Plaintiff's theory of liability, his assertion of actual damages, and his class claims were all brought in bad faith and for the purpose of harassment. Furthermore, Plaintiff's actual damages allegations and his assertion of adequacy to represent a class had no basis in fact or law, and they were not supported by a good-faith argument to extend, modify, or reverse existing law.

4.   Defendant now seeks its fees and costs incurred by its outside counsel in defending this case. Defendant does not seek the substantial time incurred by its in-house counsel, Amy M. Goltz.

**ARGUMENT**

**Purpose of Rule 11**

5. A court must impose sanctions when a pleading is submitted to the Court for an improper purpose, such as to harass or to cause unnecessary delay or needlessly increase the cost of litigation, or when the pleading is not supported by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law. FED. R. CIV. P. 11(b)(1) and (2); *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir.2006). To satisfy the requirements of Rule 11, an attorney is required to conduct a reasonable inquiry into the factual and legal basis for a claim. *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir.2003). [T]he central purpose of Rule 11 is to deter baseless filings in district court." *Simitar Entm't, Inc. v. Silva Entm't, Inc.*, 44 F. Supp. 2d 986, 991 (D. Minn. 1999) (*quoting Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). *See, also, Dixon v. R.T. Rybak,* No. 06-2579, 2006 WL 2945564, *3 (D. Minn. Oct. 13, 2006) (the Court's goal of fairly dispensing justice is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous lawsuits).

**Objective Standard**

6. In evaluating a motion under FED. R. CIV. P. 11, the Court must determine whether the attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court. *Clark*, 460 F.3d at 1009 (8th Cir. 2006); *Coonts*, 316 F.3d at 753 (a court must determine whether a reasonable and competent attorney would believe in the

3

merit of an argument.') (*quoting Miller v. Bittner*, 985 F.2d 935, 938 (8th Cir. 1993)). Pleadings that are frivolous, groundless, or advanced for an improper purpose violate Rule 11. *Zhang v. Equity Office Prop. Trust*, No. 06-2265, 2007 WL 26324, *9 (D. Minn. Jan. 3, 2007). "If a court finds that Rule 11 has been violated, it *must* impose a sanction." *Brown v. Ameriprise Fin. Servs.*, 276 F.R.D. 599, 606 (D. Minn. 2011), quoting *Carman v. Treat*, 7 F.3d 1379, 1382 (8th Cir. 1993) (emphasis in the original). The sanctions imposed should be sufficient to deter the offenders from engaging in similar conduct in the future, and may include, in addition to non-monetary sanctions and penalties, an order directing payment to the moving party of the reasonable attorney's fees and other expenses incurred as a direct result of the violation. FED. R. CIV. P. 11(c)(2).

7. In addition to Rule 11, 28 U.S.C. § 1927 supports the imposition of sanctions:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

8. An award of fees under Section 1927 is appropriate if an attorney's conduct, viewed objectively, is in bad faith, or if an attorney recklessly files a frivolous claim. *See Clark*, 460 F.3d 1004; *C.H. Robinson Worldwide*, 2011 U.S. Dist. LEXIS 78597 at *18, 2011 WL 2912700 (D. Minn. July 19, 2011). Where a refusal to dismiss compounds the misconduct in bringing a claim, sanctions

under §1927 are appropriate. *Bergeron v. Northwest Publications Inc.*, No. 94-1124 at \*27-28, 1995 U.S. Dist. LEXIS 15511, 1996 WL 210789 (D. Minn. Jan. 12, 1996). Rule 11 and Section 1927 supplement, rather than supplant, the Court's inherent authority to sanction attorneys who commit misconduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Courts have considerable discretion in imposing sanctions under their inherent authority. *Id.* at 55.

9. Rule 11 and 28 U.S.C. §1927 both support the imposition of sanctions against Attorney Nickitas. However, Section 1927 is directed solely at attorneys, whereas Rule 11 allows sanctions against both Mr. Nickitas and Plaintiff Scheffler – the party responsible for the attempting to manufacture claims in this meritless action. Under either provision sanctions are appropriate, but Gurstel asserts that Rule 11 is the more appropriate vehicle for the imposition of sanctions.

**Application of Law to the Facts of This Case**

10. The assertion that this suit was brought in bad faith and for the purpose of harassment is supported by the summary judgment evidence and by the findings in the Court's summary judgment order (Document 78). Plaintiff claimed that he called Gurstel only to ask questions about the garnishment notice, but that Gurstel's employee "insisted on attempting to collect the debt." Compl. ¶ 26; First Am. Compl. ¶ 28; Second Am. Compl. ¶ 28. As the Court found in its summary judgment order, the recording of that call tells a different story. In the call, Scheffler did not ask any questions about the garnishment notice beyond asking why Gurstel sent it to him.

> When reviewed as a whole, the call was an unsubtle and ultimately unsuccessful attempt to provoke Salter into committing an FDCPA violation. At no time did Gurstel, either in writing or in the telephone call, demand payment on the debt or otherwise violate the FDCPA as alleged. Indeed, rather than pressuring Scheffler to pay the debt, Salter simply said, "If your intent is to not resolve it that's fine; or if you don't have the ability to do so that's fine." I Although Scheffler attempted by both his words and his demeanor to bait Salter into an FDCPA violation, he failed in that effort.

Document 78, at 8.

11. Plaintiff's bad faith and his intent to harass are found in the content of the call. He tried to manufacture a claim. He failed, but that did not stop him from pursuing this meritless suit.

12. The false nature of Plaintiff's allegations was known to both Respondents. Plaintiff's allegations were not a result of imperfect memory, nor do they result from an attorney relying on a client whose recollection seemed credible. Rather, Plaintiff made his own recording of the call in question, and at the time each of the three complaints was filed, he and his attorney had actual knowledge of the false nature of the accusations leveled against Gurstel.

13. Plaintiff also asserted a theory he knew lacked a good-faith basis. In this case, Plaintiff asserted the same theory upon which he relied, and lost, in *Scheffler v. Messerli & Kramer P.A.*, 791 F.3d 847, 848 (8th Cir. 2015). Having lost the *Messerli* case, Scheffler had no good-faith basis in fact or law to reassert the same theories here. As this Court found, Gurstel's letter did only what the law expressly allows – it informed Scheffler that Gurstel was invoking specified remedies. See *Messerli* at 848; 15 U.S.C. § 1692c(c). Scheffler provided no factual or legal basis to distinguish Gurstel's provision of a number

6

to call if he had questions from the facts and holding in *Lindley v. TRS Recovery Assocs., Inc.*, No. 12-109, 2012 WL 6201175, at *5 (S.D. Tex. Dec. 12, 2012).

14. Scheffler also accused Gurstel of using false or deceptive means to collect or attempt to collect a debt by falsely indicating that he could call the number on the letter to discuss the garnishment notice with a lawyer. Nothing in the letter stated or implied that a call to the toll-free number would be answered by an attorney. To the contrary, the letter expressly stated that Scheffler could contact a "collection representative" by calling the number. As the Court has found, "he in fact spoke with a collection representative when he called." Respondents' assertions on this point had no basis in fact or law.

15. In addition to manufacturing nonexistent claims, Respondents' bad faith is amply demonstrated in two other respects – their false claims of actual damages, and the extortive assertion of class claims that could not have been certified.

**The Damages Allegations**

16. In both his original, verified Complaint and his Amended Complaint, Scheffler asserted that he had suffered and was seeking to recover actual damages. Compl. ¶¶ 6 and 35 and prayer for relief; First Am. Compl, prayer for relief. However, when faced with the prospect of having to respond to discovery concerning those damages, Plaintiff withdrew his actual damages allegations. Gurstel submits that the withdrawal of that allegation in order to avoid discovery on demonstrates that the allegation was made in bad faith and

7

for the purpose of harassment, and that it had no basis in fact or law. That the original Complaint was verified under penalty of perjury makes the false damages assertion all the more egregious.

**The Class Allegations**

17. Plaintiff's original Complaint did not assert class claims. When Gurstel refused to settle this case, Respondents (over Gurstel's objection) secured leave to amend and add class action allegations. Those allegations further demonstrate the harassing and bad faith nature of Plaintiff's claims in four respects.

18. First, Respondents did nothing to advance the interests of a class. In fact, they pushed to ensure that class claims would *not* be determined until after summary judgment – an approach which ultimately doomed class certification.

19. As the Eighth Circuit has noted, "a deliberate deferral of the [class] determination until full trial on the merits * * * is fraught with serious problems of judicial economy, and of fairness to both sides." *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982), *quoting Stastny v. Southern Bell Tel. & Tel. Co.*, 628 F.2d 267, 275 (4th Cir. 1980). The problem of one-way intervention has certainly been recognized in this district:

> The Court will not, however, address Hartley's motion for summary judgment at this stage. Although courts have recognized a defendant's waiver of the right to secure a judgment that will be binding upon a putative class by seeking resolution of the representative plaintiff's claims on the merits prior to a determination on class certification issues, courts have been reluctant to allow the same waiver by plaintiffs. *See Weir v. Joly*,

> No. CV-10-898, 2011 U.S. Dist. LEXIS 139393, 2011 WL 6043024, at *1-2 (D. Or. Dec. 2, 2011). Instead, where plaintiffs seek a ruling on the merits of their claims prior to class certification, courts have adhered to the general rule that courts postpone determination of the merits until after class members have been given notice in order to "avoid the problem of 'one-way intervention' - whereby a potential class member could await the outcome of a determination on the merits before deciding whether to join the class." *Gomez v. Rossi Concrete Inc.*, No. 08cv1442, 2011 U.S. Dist. LEXIS 15852, 2011 WL 666888, at *1 (S.D. Cal. Feb. 17, 2011); *see also Hyman*, 982 F. Supp. at 11 ("One of the recognized problems that arises when dispositive motions are addressed before class certification motions is that of one-way intervention. By allowing putative class members to wait while the merits of a claim are decided, these members are given the ability to watch the proceedings without any risk to their individual claims which would be precluded by an adverse ruling on the merits."). But *see Kinder v. Dearborn Fed. Sav. Bank*, No. 10-12570, 2011 U.S. Dist. LEXIS 145992, 2011 WL 6371184, at *2-3 (E.D. Mich. Dec. 20, 2011) (granting plaintiff's motions for summary judgment on liability and class certification simultaneously). Although the problem of one-way intervention is potentially implicated when a defendant moves for summary judgment prior to class certification, the problem is more prevalent when the court rules on a plaintiff's motion for summary judgment. For example, if a court grants a plaintiff's motion for summary judgment, potential class members will know that they have a guaranteed victory if they join in the class. On the other hand, if the court denies a defendant's motion for summary judgment prior to class certification, no final determination has been made of the merits of the case, and putative class members know only that they have a chance of prevailing at trial. Additionally, if the court grants a defendant's motion for summary judgment prior to class certification, no class is ever certified, and therefore the risk of one-way intervention does not exist.

*Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 368-369 (D. Minn. 2013). Respondents pushed to determine summary judgment without any regard for the rights of the class they claimed to represent.

20. Second, Respondents failed to assert a competent, certifiable class definition. Plaintiff's proposed class as described in Paragraph 36(b) was a

9

"fail-safe" class definition, as it required determination of liability in order to determine class membership. Such a definition is prohibited. *See, e.g., Adashunas v. Negley*, 626 F.2d 600, 604 (7th Cir. 1980); *Forman v. Data Transfer*, 164 F.R.D. 400, 403 (E.D. Pa. 1995); *Dunn v. Midwest Buslines, Inc.*, 94 F.R.D. 170, 172 (E.D. Ark. 1982); *Hagen v. City of Winnemucca*, 108 F.R.D. 61, 63 (D. Nev. 1985); *Indiana State Employees Ass'n, Inc. v. Indiana State Highway Comm'n*, 78 F.R.D. 724, 725 (S.D. Ind. 1978); *Metcalf v. Edelman*, 64 F.R.D. 407, 409 (N.D. Ill. 1974); *Sperberg v. Firestone Tire & Rubber Co.*, 61 F.R.D. 70, 75 (N.D. Ohio 1973).

21. Third, Scheffler clearly was not typical of any putative class member. He is a professional plaintiff who tried to manufacture a claim where none existed. As was addressed in Defendant's motion for summary judgment, Respondents have also filed *in forma pauperis* affidavits in other cases that effectively deny the existence of Scheffler's claims in this case. The assertion that Scheffler was typical of anyone other than himself had no basis in fact or law.

22. Finally, the assertion that Respondents were adequate to represent a class was a complete fiction. Mr. Nickitas, despite having filed multiple putative class actions in this district, does not appear to have ever been certified as class counsel or to have secured any relief for a class. In reviewing the PACER docket, Gurstel has been able to identify the following putative class actions involving Mr. Nickitas, in none of which does he appear to have had success on behalf of a class:

| Case No | Caption | Date(s) | Outcome |
|---|---|---|---|
| 0:09-cv-03715-ADM-SRN | Scheffler v. Omni Credit Services of Florida, Inc. | filed 12/29/09 closed 11/02/10 | Case closed without an order and without benefit to the putative class. |
| 0:12-cv-00188-DWF-TNL | Scheffler v. Integrity Financial Partners, Inc. et al | filed 01/25/12 closed 10/28/13 | Summary judgment for the defendant. Class certification denied. |
| 0:14-cv-00001-DSD-SER | Scheffler v. Pinnacle Credit Services, LLC et al | filed 01/02/14 closed 09/11/14 | Case dismissed without any benefit to the putative class. |
| 0:15-cv-04504-RHK-TNL | Scheffler v. Tapfury LLC | filed 12/24/15 | Case has been pending since 12/15. Still no motion to certify. |
| 0:15-cv-03340-JRT-KMM | Scheffler v. Equifax Information Services, L.L.C. | filed 08/20/15 closed 10/27/16 | Settled and dismissed without benefit to the putative class. |
| 0:02-cv-00275-FLN-FLN | Bowers v. Risk Management Alternatives, Inc. | filed 01/30/02 closed 01/20/04 | Case dismissed without any benefit to the putative class. |
| 5:95-cv-00137-DDA-RLE | Backlund v. City of Duluth, et al | filed 07/07/95 closed 08/05/98 | PACER does not indicate that any putative class member received relief. |
| 0:16-cv-03959-WMW-DTS | Anderson v. Equifax Information Services LLC | filed 11/20/16 closed 04/25/17 | Case transferred to the E.D. Va. |
| 0:15-cv-02210-PJS-BRT | Ligons et al v. Minnesota Department of Corrections et al | filed 05/01/15 | No decision yet on certification. |

23. A lawyer's claim of adequacy when his only class action experience has been unsuccessful cases is grounds for sanctions. *See Lopez v. Wolpoff & Abramson, LLP,* No. A-08-CA-510-SS. 2008 U.S. Dist. LEXIS 104321 (W.D. Tex. Oct. 8, 2008), *order granting sanctions at* 2008 U.S. Dist. LEXIS 104320 (W.D. Tex. Dec. 19, 2008).

24. The assertion of adequacy was even more egregious in light of the numerous cases that Respondents have filed and prosecuted with the benefit of IFP affidavits. Scheffler claims to be a pauper. The PACER docket indicates

11

that Nickitas does not pay the costs in cases in which in Scheffler files IFP affidavits. Respondents should have known that they were not adequate to represent a class, as it is the duty of the class plaintiff to pay for the costs of notice. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S. Ct. 2140, 2153, 40 L. Ed. 2d 732 (1974). The fact that Respondents filed two IFP affidavits while the claim against Gurstel was pending demonstrates their complete inability to carry out the duty of a class representative and his counsel to give notice to the class at their own expense. The assertion of adequacy had no basis in fact or law.

25. Throughout the history of this case, Respondents made no effort to pursue the class claims, nor did any demand made ever seek relief for their putative class. Such conduct is further evidence of the harassing and bad faith nature of this suit.

**RELIEF REQUESTED**

26. Although courts have broad discretion in determining an appropriate sanction, courts are required to impose a sanction when Rule 11 has been violated. *Fearing v. Lake St. Croix Villas Homeowner's Ass'n*, 2007 U.S. Dist. LEXIS 34252 at *9-10, 2007 WL 1388260 (D. Minn. May 9, 2007). The Court is not required to apply the least severe sanction, and it may seek to deter future conduct. *Id. See, also, Brown v. Ameriprise Fin. Servs.*, 276 F.R.D. at 606 (explaining that sanctions should be designed to deter repetition of the conduct or comparable conduct by others similarly situated). In determining the appropriate sanction, the court may consider the wrongdoer's history,

experience and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, and other factors. *Bergeron*, 165 F.R.D. at 521-22.

27. In this case, a severe sanction is necessary and appropriate in light of the conduct at issue. Respondents' attempt to manufacture a claim, their disregard of case law from their own prior case that was directly contrary to their position, their disregard for the facts, their misuse of class allegations, and their casual attitude regarding the need for candor and honesty in affidavits all demonstrate that unless they are ordered to pay Gurstel's fees and costs, they will not be deterred from continuing such conduct in the future. Gurstel requests that Respondents be required to pay its fees and costs and that they be prohibited from filing or prosecuting any action in this district until such sanctions have been paid.

**MEET AND CONFER STATEMENT**

28. As is evidenced by Exhibit A to this memorandum, on or about September 6, 2016, in accordance with the requirements of F<small>ED</small>. R. C<small>IV</small>. P.11, Defendant served on Plaintiff's attorney its Motion for Rule 11 Sanctions. Respondents failed to dismiss this action prior to the expiration of the "safe harbor" period provided by Rule 11.

29. Even so, on September 26, 2016, Defendant then offered to settle this case in exchange for payment of $3,000 of its fees. *See* Exhibit B to this memorandum. Respondents could have avoided this motion by dismissing

during the safe harbor period or by paying only part of Defendant's fees and expenses. They chose to do neither.

30. Furthermore, on April 27, 217, Defendant's attorney again attempted to confer with Plaintiff's counsel, sending a letter that asked if he and Plaintiff would agree to the relief herein requested, and offering the option of paying Defendant's fees (or agreeing to a judgment for reasonable fees ordered by the Court) without the need for Rule 11 findings. Respondents refused all efforts.

## CONCLUSION

Defendant prays that the Court make specific findings that Plaintiff and his attorney have violated Rule 11 and impose against Plaintiff and his attorney appropriate sanctions (including an award of fees and costs) as permitted by Rule 11. Defendant further prays that it be granted all such other and further relief, at law or in equity, as to which it may be justly entitled.

Dated: May 3, 2017                              Respectfully submitted,

/s/ *Manuel H. Newburger*                 /s/ *Amy M. Goltz*
Manuel H. Newburger (PHV)                 Amy M. Goltz (#336452)
Barron & Newburger, P.C.                  Gurstel Law Firm, P.C.
7320 N. MoPac Expy., Suite 400            6681 Country Club Dr.
Austin, TX 78731                          Golden Valley, MN 55427
(512) 649-4022                            (763) 267-6700
mnewburger@bn-lawyers.com                 a.goltz@Gurstel.com
Attorney for Defendant                    Attorney for Defendant