UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Troy K. Scheffler**,                  Case File 15-cv-4436 DSD/SER
And all persons similarly situated,

    Plaintiffs,

v.

**Gurstel Chargo, P.A.**

    Defendant.

---

Plaintiff's
Response to Defendant's
6 September 2016 Safe Harbor Letter,
and Safe Harbor Warning Letter to Defendant

---

Plaintiff Troy K. Scheffler answers the Defendant's 6 September 2016 safe harbor letter. He restates each point of the defendant in regular face. He answers each point *in italics*. He submits this as a safe harbor letter upon defendant in return, in accordance with Fed. R. Civ. P. 11.

Point 1: Defendant quoted Fed. R. Civ. P. 11

*Plaintiff's Answer: No answer is needed.*

2. Defendant asserts that Plaintiff and his attorney have violated Rule 11 by filing the amended complaint in this case and asserting that they intend to pursue a class action.

*The court, the Hon. Steven E. Rau, Magistrate Judge, granted the motion to amend the complaint to state claims under 15 U.S.C. §§1692c(c) and 1692e(10), and to pursue certification of a class, in spite of vigorous defense by the defendant.. The defendant failed to appeal the decision of the magistrate judge to the district judge as is the defendant's right. The defendant failed to move for dismissal per Fed. R. Civ. P. 12(b)(6), as is the*

*defendant's right. There is nothing frivolous or sanctionable in a motion to amend the complaint when the court grants the motion to amend the complaint to state new individual claims and a new potential claim for class relief.*

3. Defendant asserts that Plaintiff and his counsel have further violated Rule 11 by pursuing claims that have no basis in fact or law.

*The court, the Hon. Steven E. Rau, Magistrate Judge, granted the motion to amend the complaint to state claims under 15 U.S.C. §§1692c(c) and 1692e(10), and to pursue certification of a class . The defendant failed to appeal the decision of the magistrate judge to the district judge as is the defendant's right. The defendant failed to move for dismissal per Fed.R. Civ. P. 12(b)(6), as is the defendant's right.*

*The court granted the motion to amend the complaint to state claims under 15 U.S.C. §§1692c(c) and 1692e(10), and to pursue certification of a class. The granting of the motion to amend the complaint precludes sanctions because the court has found the claims to be not frivolous, and with a basis in law and fact.*

4. Defendant asserts that Plaintiff and his attorney have violated Rule 11 by filing an amended complaint asserting class action claims that are inadequate as to numerosity.

*The court granted the motion to amend the complaint to state claims under 15 U.S.C. §§1692c(c) and 1692e(10), and to pursue certification of a class. The court stayed class discovery without prejudice until resolution of the Plaintiff's individual §§1692c(c) and 1692e(10) claims.*

*In response to the court's explicit statement at the 17 August 2016 hearing on Plaintiff's motion to compel discovery, that the court would not contemplate or countenance class discovery until the resolution of the plaintiff's individual claims on the merits, the plaintiff moved the court to bifurcate discovery, with the hearing to take place on 17*

*October 2016. The court made it clear that neither the Plaintiff nor the Defendant would be allowed to conduct any class-related discovery until the resolution of Plaintiff's individual claims on the merits.*

*Resolution of the plaintiff's individual claims is the predicate condition for class discovery. Plaintiff's motion seeks simply to assure equal treatment of Plaintiff and Defendant; if Plaintiff cannot conduct class discovery upon the Defendant, then the Defendant cannot conduct class-based discovery upon the Plaintiff, until the court weighs his individual claims on the merits. If the plaintiff's individual claims fail, class discovery is moot. If his individual claims proceed, then class discovery will proceed. Only after class discovery proceeds will the court have adequate information to consider numerosity, typicality, commonality, and adequacy for purposes of class certification.*

*Defendant's assertion is misplaced and contravened by order of the court. Defendant's actions, which do not address the merits of Plaintiff's individual claims, defy past instructions of the court and demonstrate by their own words the intent to bully and pursue a blood vengeance against the Plaintiff for the sake of vengeance, without regard to the merits of his individual claims, in derogation of the Rules of Civil Procedure.*

5. Defendant asserts that Plaintiff and his attorney have violated Rule 11 by filing an amended complaint asserting class action claims that are inadequate as to commonality.

*The court granted the motion to amend the complaint to state claims under 15 U.S.C. §§1692c(c) and 1692e(10), and to pursue certification of a class. The court stayed class discovery without prejudice until resolution of the Plaintiff's individual §§1692c(c) and 1692e(10) claims.*

*In response to the court's explicit statement at the 17 August 2016 hearing on Plaintiff's motion to compel discovery, that the court would not contemplate or countenance*

class discovery until the resolution of the plaintiff's individual claims on the merits, the plaintiff moved the court to bifurcate discovery, with the hearing to take place on 17 October 2016. The court made it clear that neither the Plaintiff nor the Defendant would be allowed to conduct any class-related discovery until the resolution of Plaintiff's individual claims on the merits.

Resolution of the plaintiff's individual claims is the predicate condition for class discovery. Plaintiff's motion seeks simply to assure equal treatment of Plaintiff and Defendant; if Plaintiff cannot conduct class discovery upon the Defendant, then the Defendant cannot conduct class-based discovery upon the Plaintiff, until the court weighs his individual claims on the merits. If the plaintiff's individual claims fail, class discovery is moot. If his individual claims proceed, then class discovery will proceed. Only after class discovery proceeds will the court have adequate information to consider numerosity, typicality, commonality, and adequacy for purposes of class certification.

Defendant's assertion is misplaced and contravened by order of the court. Defendant's actions, which do not address the merits of Plaintiff's individual claims, defy past instructions of the court and demonstrate by their own words the intent to bully and pursue a blood vengeance against the Plaintiff for the sake of vengeance, without without regard to the merits of his individual claims, in derogation of the Rules of Civil Procedure.

6. Defendant asserts that Plaintiff and his attorney have violated Rule 11 by filing an amended complaint asserting class action claims that are inadequate as to typicality.

The court granted the motion to amend the complaint to state claims under 15 U.S.C. §§1692c(c) and 1692e(10), and to pursue certification of a class. The court stayed class discovery without prejudice until resolution of the Plaintiff's individual §§1692c(c) and 1692e(10) claims.

*In response to the court's explicit statement at the 17 August 2016 hearing on Plaintiff's motion to compel discovery, that the court would not contemplate or countenance class discovery until the resolution of the plaintiff's individual claims on the merits, the plaintiff moved the court to bifurcate discovery, with the hearing to take place on 17 October 2016. The court made it clear that neither the Plaintiff nor the Defendant would be allowed to conduct any class-related discovery until the resolution of Plaintiff's individual claims on the merits.*

*Resolution of the plaintiff's individual claims is the predicate condition for class discovery. Plaintiff's motion seeks simply to assure equal treatment of Plaintiff and Defendant; if Plaintiff cannot conduct class discovery upon the Defendant, then the Defendant cannot conduct class-based discovery upon the Plaintiff, until the court weighs his individual claims on the merits. If the plaintiff's individual claims fail, class discovery is moot. If his individual claims proceed, then class discovery will proceed. Only after class discovery proceeds will the court have adequate information to consider numerosity, typicality, commonality, and adequacy for purposes of class certification.*

*Defendant's assertion is misplaced and contravened by order of the court. Defendant's actions, which do not address the merits of Plaintiff's individual claims, defy past instructions of the court and demonstrate by their own words the intent to bully and pursue a blood vengeance against the Plaintiff for the sake of vengeance, without without regard to the merits of his individual claims, in derogation of the Rules of Civil Procedure.*

7. Defendant asserts that Plaintiff and his attorney have violated Rule 11 by filing an amended complaint asserting they are adequate to represent a class.

*The court granted the motion to amend the complaint to state claims under 15 U.S.C. §§1692c(c) and 1692e(10), and to pursue certification of a class. The court stayed*

class discovery without prejudice until resolution of the Plaintiff's individual §§1692c(c) and 1692e(10) claims.

In response to the court's explicit statement at the 17 August 2016 hearing on Plaintiff's motion to compel discovery, that the court would not contemplate or countenance class discovery until the resolution of the plaintiff's individual claims on the merits, the plaintiff moved the court to bifurcate discovery, with the hearing to take place on 17 October 2016.  The court made it clear that neither the Plaintiff nor the Defendant would be allowed to conduct any class-related discovery until the resolution of Plaintiff's individual claims on the merits.

Resolution of the plaintiff's individual claims is the predicate condition for class discovery.  Plaintiff's motion seeks simply to assure equal treatment of Plaintiff and Defendant; if Plaintiff cannot conduct class discovery upon the Defendant, then the Defendant cannot conduct class-based discovery upon the Plaintiff, until the court weighs his individual claims on the merits.  If the plaintiff's individual claims fail, class discovery is moot.  If his individual claims proceed, then class discovery will proceed. Only after class discovery proceeds will the court have adequate information to consider numerosity, typicality, commonality, and adequacy for purposes of class certification.

Defendant's assertion is misplaced and contravened by order of the court. Defendant's actions, which do not address the merits of Plaintiff's individual claims, defy past instructions of the court and demonstrate by their own words the intent to bully and pursue a blood vengeance against the Plaintiff for the sake of vengeance, without without regard to the merits of his individual claims, in derogation of the Rules of Civil Procedure.

Furthermore, Plaintiff pleaded that he would pursue association with more

*experienced counsel to prosecute the class action effectively. Plaintiff and counsel continue to seek additional counsel for this case. These efforts continue.*

8. Defendant asserts that Plaintiff and his counsel have further violated Rule 11 by asserting a claim for actual damages.

*Plaintiff cured the defect by withdrawal of the claim for actual damages in his answers to interrogatories. Curing a defect timely within the period of the safe harbor obviates sanctions, as there is nothing left to deter. If necessary, Plaintiff will amend his complaint once again to reflect his pursuit of statutory damages and no other damages.*

9. Defendant prays that the Court make specific findings that Plaintiff and his attorney have violated Rule 11 and impose against Plaintiff and his attorney appropriate sanctions (including an award of fees and costs) as permitted by Rule 11. Defendant further prays that it be granted all such other and further relief, at law or in equity, as to which it may be justly entitled.

*The court granted the motion to amend the complaint to state claims under 15 U.S.C. §§1692c(c) and 1692e(10), and to pursue certification of a class. The court stayed class discovery without prejudice until resolution of the Plaintiff's individual §§1692c(c) and 1692e(10) claims.*

*In response to the court's explicit statement at the 17 August 2016 hearing on Plaintiff's motion to compel discovery, that the court would not contemplate or countenance class discovery until the resolution of the plaintiff's individual claims on the merits, the plaintiff moved the court to bifurcate discovery, with the hearing to take place on 17 October 2016. The court made it clear that neither the Plaintiff nor the Defendant would be allowed to conduct any class-related discovery until the resolution of Plaintiff's individual claims on the merits.*

*Resolution of the plaintiff's individual claims is the predicate condition for class discovery. Plaintiff's motion seeks simply to assure equal treatment of Plaintiff and*

*Defendant; if Plaintiff cannot conduct class discovery upon the Defendant, then the Defendant cannot conduct class-based discovery upon the Plaintiff, until the court weighs his individual claims on the merits. If the plaintiff's individual claims fail, class discovery is moot. If his individual claims proceed, then class discovery will proceed. Only after class discovery proceeds will the court have adequate information to consider numerosity, typicality, commonality, and adequacy for purposes of class certification.*

*Plaintiff pleaded that he would pursue association with more experienced counsel to prosecute the class action effectively. Plaintiff and counsel continue to seek additional counsel for this case. These efforts continue.*

*Defendant's assertion is misplaced and contravened by order of the court. Defendant's actions, which do not address the merits of Plaintiff's individual claims, defy past instructions of the court and demonstrate by their own words the intent to bully and pursue a blood vengeance against the Plaintiff for the sake of vengeance, without without regard to the merits of his individual claims, in derogation of the Rules of Civil Procedure.*

*Defendant's emphasis on class discovery focused upon the plaintiff is nothing but rank bullying and vendetta pursuit in defiance of the orders of the court that each party treat each other with respect and address the merits of the plaintiff's individual claims before contemplation of class discovery. Threatening plaintiff with prosecution and compelling him to "Take the Fifth" in his deposition flies in the face of the court's instructions. Plaintiff has taken issue with Defendant's conduct in derogation of the FDCPA, but does not contemplate any relief other than that which the FDCPA allows – except the relief needed to make the Defendant stop its bullying, vindictive invective and conduct at once.*

*Plaintiff puts Defendant on safe harbor notice warning that Defendant must stop its vindictive bullying and threats against him. Defendant is seeking sanctions against Plaintiff for bringing a discovery bifurcation motion which is his right to bring, and which is based on objectively reasonable analysis of the statements of the court and past precedent in this district.*

*Plaintiff puts Defendant on safe harbor notice warning that Defendant must stop its vindictive bullying and threats against him that has nothing to do with the merits of his individual claims, or it will face Fed. R. Civ. P. 11 action for its own abusive misconduct.*

27 September 2016			Respectfully:

PETER J. NICKITAS LAW OFFICE, L.L.C.

/s/Peter J. Nickitas (electronically signed)

_____
Peter J. Nickitas, MN Att'y #212313
Attorney for Plaintiff
431 S. 7th St., Suite 2446
Minneapolis, MN 55415
651.238.3445/FAX 1.888.389.7890
peterjnickitaslawllc@gmail.com