UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-4436(DSD/SER)

Troy K. Scheffler,

    Plaintiff,

v.  **ORDER**

Gurstel Chargo, P.A.

    Defendant.

    Peter J. Nickitas, Esq., 431 South 7th Street, Suite 2446, Minneapolis, MN 55415, counsel for plaintiff.

    Manuel H. Newburger, Esq. and Barron & Newburger, PC, 1212 Guadalupe, Suite 104, Austin, TX 78701 and Amy M. Goltz, Esq. and Gurstel Chargo, P.A., 6681 Country Club Drive, Golden Valley, MN 55427, counsel for defendant.

This matter is before the court on defendant Gurstel Chargo, P.A.'s motion for sanctions pursuant to Federal Rule of Civil Procedure 11. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

On November 20, 2015, plaintiff Troy K. Scheffler filed a complaint against Gurstel alleging violations of the Fair Debt Collection Practices Act (FDCPA). The court granted Gurstel's motion for summary judgment, concluding that Gurstel did not violate the FDCPA as a matter of law. ECF No. 78. Gurstel now moves for sanctions, arguing that Scheffler and his counsel filed the action in bad faith and without a proper investigation of the facts or the law.

Rule 11 provides in pertinent part that, "by presenting to the court a pleading [an attorney] certifies that to the best of [her] knowledge ... [the pleading] is not being presented for any improper purpose ... is warranted by existing law ... [and] the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). If Rule 11 is violated, a court "may impose an appropriate sanction." Id. at 11(c). The court, being duly familiar with the case and having carefully reviewed the parties' submissions, declines to impose sanctions.[1] Although the court ultimately found that Scheffler's claim lacked merit, the record does not support a finding that it was necessarily brought for an improper purpose, was legally unwarranted, or was utterly lacking in evidentiary support. The court advises Scheffler and his counsel, however, that they came precariously close to violating Rule 11 in this matter and cautions them to be more judicious in any future cases.

Accordingly, **IT IS HEREBY ORDERED** that the motion [ECF No. 82] is denied.

Dated: August 2, 2017

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court

---

[1] The court also denies sanctions under 28 U.S.C. § 1927, because it is not satisfied that Scheffler and his counsel "unreasonably and vexatiously" proceeded in this case.