# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Troy K. Scheffler, | | |
| | Plaintiff, | CIVIL NO.: 15-CV-4436 (DSD-SER) |
| vs. | | |
| Gurstel Chargo, P.A., | | **DEFENDANT'S MOTION FOR RECONSIDERATION OF RULE 11 SANCTIONS** |
| | Defendant. | |

Defendant Gurstel Chargo, P.A., now known as Gurstel Law Firm P.C., moves the Court to reconsider its ruling on Defendant's Motion for Rule 11 Sanctions, and in support of such motion would respectfully show the following:

1. On August 2, 2017, the Court entered an Order (Document 116), denying Defendant's Motion for Rule 11 Sanctions. In that order this Court stated:

> Although the court ultimately found that Scheffler's claim lacked merit, the record does not support a finding that it was necessarily brought for an improper purpose, was legally unwarranted, or was utterly lacking in evidentiary support. The court advises Scheffler and his counsel, however, that they came precariously close to violating Rule 11 in this matter and cautions them to be more judicious in any future cases.

2. Notwithstanding both that admonition and the summary judgment ruling in this case, on August 3, 2017, just one day after the Court's admonition, Plaintiff's counsel

1

served on Defendant's attorney Ms. Goltz[1] a letter, a true copy of which is <u>Exhibit A</u> to this motion. Paying no heed whatsoever to the Court's warning Plaintiff and his counsel demanded $12,000 to cease their meritless appeal of the summary judgment order in this case.

3.  The demand of $12,000 to drop the meritless appeal within a day of the Court's warning further evidences the point that Defendant asserted in its Motion for sanctions – that this suit was nothing more than a "shakedown," designed to extort money from Defendant as an alternative to incurring the substantial cost of defense.  This is Respondents' *modus operandi*.  They file meritless suits, meritless appeals of their losses in those suits, and subject the defendants in such cases to the Hobson's choice of paying to settle or paying the continued cost to defend the baseless proceedings.

4.  Fed. R. Civ. P. 11 allows for sanctions when a suit is presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.  <u>Exhibit A</u>, in the face of both the summary judgment order and Document 116, evidences precisely such conduct.

5.  Defendant acknowledges that motions for reconsideration are generally disfavored.  "A motion for reconsideration must demonstrate two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature . . ." *Dale & Selby Superette & Deli v. United States Dep't of Agric.*, 838 F. Supp. 1346, 1347 (D. Minn. 1993), *citing All*

---

[1] Mr. Nickitas appears to have stopped serving documents on Mr. Newburger, even though he remains an attorney of record in this case and the related appeal.

*Hawaii Tours v. Polynesian Cultural Center*, 116 F.R.D. 645, 649 (D. Hawaii, 1987).  This motion is based upon <u>Exhibit A</u>, new and additional evidence which did not exist until after the Court's ruling.  In light of that evidence Defendant respectfully asserts that the Court erred in denying the Motion for Rule 11 Sanctions.  Nothing short of the imposition of sanctions will deter Respondents from their course of conduct in trying to force Defendant's to pay money to resolve this meritless case.

6. Defendant anticipates that Respondents will complain that Rule 408 prohibits the offer of <u>Exhibit A</u>.  Any such an assertion should be rejected.  First, Respondents have not hesitated to ignore Rule 408 at every opportunity in this case, and they should be estopped from invoking the rule now.  Second, the Rule allows the consideration of <u>Exhibit A.</u>  Rule 408 is intended to serve the public policy favoring settlement by preventing a plaintiff from asserting that a defendant's offer is evidence of liability or that a plaintiff's offer is evidence of a lack of merit to his claim.  Rule 408(b) allows the Court to "admit this evidence for another purpose."  The bad-faith intent of Respondents is one such purpose for which a settlement offer is admissible.  *Providence Town Ctr. LP v. Raymours Furniture Co.*, 2009 U.S. Dist. LEXIS 106371, *8, 2009 WL 3821935 (E.D. Pa. Nov. 13, 2009).  A settlement offer may also be used to show a continuing course of reckless conduct. *Bernal v. DK8 LLC (In re HBT JV, LLC)*, 2017 Bankr. LEXIS 1081, *52 (Bankr. N.D. Tex. Apr. 19, 2017).

7. Respondents have a history of abusing the litigation process to inflict very substantial expense on the defendants who are their victims.  Gurstel asks the Court to reconsider its ruling and to say that "enough is enough."  This case has been prosecuted in

bad faith, and Respondents now are attempting to extort $12,000 from Defendant notwithstanding both the summary judgment and Document 116. Having done that within a day of the Court's warning, they have made it clear that nothing is likely to deter them short of the imposition of substantial Rule 11 sanctions.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court reconsider its ruling, make specific findings that Plaintiff and his attorney have violated Rule 11 and 28 U.S.C. § 1927, and impose against Plaintiff and his attorney appropriate sanctions (including an award of fees and costs) as permitted by Rule 11. Defendant further prays that it be granted all such other and further relief, at law or in equity, as to which it may be justly entitled.

Dated: August 9, 2017                            Respectfully submitted,

/s/  *Manuel H. Newburger*            /s/  *Amy M. Goltz*
Manuel H. Newburger (PHV)            Amy M. Goltz (#336452)
Barron & Newburger, P.C.              Gurstel Law Firm, P.C.
7320 N. MoPac Expy., Suite 400        6681 Country Club Dr.
Austin, TX 78731                      Golden Valley, MN 55427
(512) 649-4022                        (763) 267-6700
mnewburger@bn-lawyers.com             a.goltz@Gurstel.com
Attorney for Defendant                Attorney for Defendant