

August 11, 2017

**<u>VIA ECF</u>**
The Honorable David S. Doty
Clerk of Court
United States District Court

RE:    *Troy K. Scheffler v. Gurstel Chargo, P.A.*Civil File No. 15-cv-4436 (DSD/SER)

Your Honor:

This letter is a formal request to withdraw the Motion for Reconsideration of Rule 11 Sanctions (Document 118).  I sincerely apologize for any error or oversight in the filing of the motion without first seeking formal permission to file a request for reconsideration.

Defendant hereby respectfully requests permission to file a Motion for Reconsideration of the Rule 11 Sanctions pursuant to LR 7.1(j).  Compelling circumstances exist for this Court to revisit its previous order denying sanctions (Docket 116).  On August 2, 2017, the Court entered an Order (Document 116), denying Defendant's Motion for Rule 11 Sanctions.  In that order this Court stated:

> Although the court ultimately found that Scheffler's claim lacked merit, the record does not support a finding that it was necessarily brought for an improper purpose, was legally unwarranted, or was utterly lacking in evidentiary support. The court advises Scheffler and his counsel, however, that they came precariously close to violating Rule 11 in this matter and cautions them to be more judicious in any future cases.

Notwithstanding both that admonition and the summary judgment ruling in this case, on August 3, 2017, just one day after the Court's admonition, Plaintiff's counsel served on Defendant's attorney Ms. Goltz[1] a letter, a true copy of which is <u>Exhibit A</u> to this letter. Paying no heed whatsoever to the Court's warning Plaintiff and his counsel demanded $12,000 to cease their meritless appeal of the summary judgment order in this case.  The demand of $12,000 to drop the meritless appeal within a day of the Court's warning further evidences the point that Defendant asserted in its Motion for sanctions – that this suit was nothing more than a "shakedown," designed to extort money from Defendant as an

---

[1] Mr. Nickitas appears to have stopped serving documents on Mr. Newburger, even though he remains an attorney of record in this case and the related appeal.

**GURSTEL LAW FIRM, P.C.**

Page 2

alternative to incurring the substantial cost of defense.  This is Respondents' *modus operandi*.  They file meritless suits, meritless appeals of their losses in those suits, and subject the defendants in such cases to the Hobson's choice of paying to settle or paying the continued cost to defend the baseless proceedings.

Fed. R. Civ. P. 11 allows for sanctions when a suit is presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.  Exhibit A, in the face of both the summary judgment order and Document 116, evidences precisely such conduct.

Defendant acknowledges that motions for reconsideration are generally disfavored.  "A motion for reconsideration must demonstrate two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature . . ." *Dale & Selby Superette & Deli v. United States Dep't of Agric.*, 838 F. Supp. 1346, 1347 (D. Minn. 1993), *citing All Hawaii Tours v. Polynesian Cultural Center*, 116 F.R.D. 645, 649 (D. Hawaii, 1987).  This motion is based upon Exhibit A, new and additional evidence which did not exist until after the Court's ruling.  In light of that evidence Defendant respectfully asserts that the Court erred in denying the Motion for Rule 11 Sanctions.  Nothing short of the imposition of sanctions will deter Respondents from their course of conduct in trying to force Defendant's to pay money to resolve this meritless case.

Respondents have a history of abusing the litigation process to inflict very substantial expense on the defendants who are their victims.  Gurstel asks the Court to reconsider its ruling and to say that "enough is enough."  This case has been prosecuted in bad faith, and Respondents now are attempting to extort $12,000 from Defendant notwithstanding both the summary judgment and Document 116.  Having done that within a day of the Court's warning, they have made it clear that nothing is likely to deter them short of the imposition of substantial Rule 11 sanctions.

Again, Defendant and Defendant's counsel sincerely appreciate the opportunity to file this request for permission to file a motion for reconsideration of Defendant's request for Rule 11 sanctions.

Sincerely,
GURSTEL LAW FIRM, P.C.
*/s/ Amy M. Goltz*
Amy M. Goltz