**PETER J. NICKITAS LAW OFFICE, L.L.C.**
**PETER J. NICKITAS**
ATTORNEY AT LAW
431 S. 7TH STREET, SUITE 2446
MINNEAPOLIS, MINNESOTA 55415
TEL.   612.440.7285(O)/651.238.3445(M)/1.888.389.7890(F) EMAIL:
PETERJNICKITASLAWLLC@GMAIL.COM, PETERJNICKITAS@MAC.COM
LICENSED IN MINNESOTA AND WISCONSIN

2 AUGUST 2017

Amy Goltz, Attorney at Law
Gurstel Chargo, P.A.
6681 Country Club Drive
Golden Valley, MN 55427
763.267.6844

Re: Scheffler v. Gurstel Chargo, P.A., 15-cv-4436 DSD/SER, 17-2141 (8th Cir. 2017)
Fed. R. Evid. 408 Communications

Dear Ms. Goltz:

    As you know, I represent Mr. Troy Scheffler in the above lawsuit.  Your firm's $75,000 efforts to threaten, bully, and crush Mr. Scheffler and me have failed.  While Gurstel may have convinced the district court below that its procedures complied with relevant law, Gurstel will not have the same easy time before the Eighth Circuit.  In contrast to the district court, the Eighth Circuit has held more than once that **boldfaced** print means the writer is telling the reader to pay attention and not ignore them.

    The Ninth Circuit's *Clark* case, which your firm knows well and must follow because of its Arizona operations -- with which you are familiar with your Arizona license – makes it plain as day that the debt collector bears the weighty burden to prove a debtor -- whether he is unsophisticated or clever – made a knowing and intelligent waiver of his cease.  Gurstel's own written protocols, which you authored and which are part of the record, and were written after *Clark*, require that Gurstel's debt collection representatives "<u>must confirm on the recorded line that they [consumers] are retracting their cease request AND wish to communicate with the Firm regarding the debt.</u>" ADD24.

    Of course, that did not happen when Mr. Scheffler called.  The protocol shreds Gurstel's argument below that Mr. Scheffler should have talked with his own attorney, and discredits Gurstel's Salter saying that the matter will be "brought to the attention of the proper people."  The "proper people" already knew what the firm had to do – and chose not to.  Add to the fact that the record has wholesale redactions on pages you authored, and Gurstel will have a lot of explaining to do to the Eighth Circuit, and a jury later.

    Gurstel's crusade against Mr. Scheffler fell short.  Gurstel is throwing good money after bad to go through with this appeal.  It is time for Gurstel to cut its losses.  To that end, Mr. Scheffler makes a demand of $12,000 as a full, final, and complete settlement of this lawsuit, inclusive of appeal, in consideration for dismissal with prejudice on the merits, with each side bearing its respective costs.  Mr. Scheffler leaves this offer open until 12:00 noon CDT, 7 August 2017.  Feel free to call me to discuss this further.

                                                                       Sincerely,

                                                                    /s/ *Peter J. Nickitas*
                                                                    Peter J. Nickitas

cc: Mr. Troy K. Scheffler